## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

(1) VICTOR FAJARDO VELEZ,
(2) JOSE OMAR CRUZ MERCADO,
(3) RUPERTO VAZQUEZ LOPEZ,
(4) MARIA RAMOS MATOS, a/k/a "Bibi",
(5) MARIA T. PEREZ HUERTAS, a/k/a "Maritere",
(6) JESUS EMILIO RIVERA CLASS,
(7) EDUARDO FUERTES PASARELL,
(8) JOSE E. SANTOS RODRIGUEZ,
(9) VICTOR J. ALVAREZ RAMOS,
(10) FIDEL ALONSO VALLS,
(11) RICHARD D'COSTA OFREY,
(12) VICTORIA VARGAS ESQUILIN,
(13) NORMAN T. OLSON Jr.,
(14) MARTA J. SANTOS SANCHEZ,
(15) ROBERTO O. BONANO RODRIGUEZ,
(16) ANGEL A. PABON MOLINA,
(17) SYLVIA JANET LOPEZ VELEZ
    Defendants.

INDICTMENT

CRIMINAL NO. 02- 42 (JAF)

VIOLATIONS:

18 USC § 1951
18 USC § 1956(a)(1)(B)(i) and 2
18 USC § 982
18 USC Sec. 666
18 USC § 2



RECEIVED & FILED
2 JAN 22 PM 4:43
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

THE GRAND JURY CHARGES:

## INTRODUCTION

1.    At times material to this Indictment, the Puerto Rico Department of Education (hereinafter "PRDE") was an agency of the Government of Puerto Rico created for the purpose of managing and implementing the public education system and policy of the Government of Puerto Rico.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 3

9.　　At times material to this Indictment, defendant Eduardo Fuertes Pasarell was the President and owner of Pro Data Services Inc., (hereinafter Pro Data), a company that had contracts with the PRDE which business affected the movement of articles in interstate commerce.

10.　　At times material to this Indictment, José Santos Rodríguez and Victor J. Alvarez Ramos were the owners of "Consultores Educativos y Psicológicos, Inc." (hereinafter CONEP), a company that had contracts with the PRDE which business affected the movement of articles in interstate commerce.

11.　　At times material to this Indictment, Fidel Alonso Valls was the President and owner of Prodecen, Inc., a company that had contracts with the PRDE which business affected the movement of articles in interstate commerce.

12.　　At times material to this Indictment, defendants Richard D'Costa Ofrey and Victoria Vargas Esquilín were the owners of Universal Career Counseling Center and World Learning Systems, Inc. (hereinafter Universal Career and World Learning).

13.　　At times material to this Indictment, defendant Norman T. Olson Jr. was the President and owner of National School Services of Puerto Rico, Inc., (hereinafter National School) a company that had contracts with the PRDE which business affected the movement of articles in interstate commerce.

14.　　At times material to this Indictment, defendant Marta Santos Sánchez was the representative of National School in Puerto Rico.

15.　　At times material to this Indictment, defendant Roberto O. Bonano Rodríguez was an attorney contracted by Victor Fajardo Vélez to reclassify the personnel of the PRDE.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 5

unlawfully obstruct, delay and/or affect commerce and the movement of articles and commodities

in commerce by extortion, and to unlawfully obtain monies for defendants Victor Fajardo Vélez,

José Omar Cruz Mercado, Ruperto Vázquez López, María Ramos Matos a/k/a "Bibi", María T.

Pérez Huertas a/k/a "Maritere", and their political party, from defendants Jesús Emilio Rivera Class,

Eduardo Fuertes Pasarell, José E. Santos Rodríguez, Victor J. Alvarez Ramos, Fidel Alonso Valls,

Richard D'Costa Ofrey, Victoria Vargas Esquilín, Norman T. Olson Jr., Marta J. Santos Sanchez,

Roberto O. Bonano Rodríguez, Angel A. Pabón Molina, and Sylvia Janet López Vélez, with their

consent, wrongfully induced by fear of economic harm and/or under color of official right, in

violation of Title 18, United States Code, Section 1951(a).

## MANNER AND MEANS OF THE CONSPIRACY

1.      It was a part of the manner and means of the unlawful conspiracy that the defendants

Victor Fajardo Vélez and José Omar Cruz Mercado would install and keep a safe in the office of

defendant Victor Fajardo Vélez, at the PRDE, in order to store and stash large amounts of currency

that they would extort from PRDE contractors.

2.      It was further part of the manners and means of the unlawful conspiracy that

defendant Victor Fajardo Vélez would recruit the services of defendant Ruperto Vázquez López and

his sister in law defendant María Ramos Matos, a/k/a "Bibi" to act as main representatives of two

corporations in order to divert moneys belonging to PRDE as well as to hide money being extorted

from different contractors of PRDE.

3.      It was further part of the manner and means of the unlawful conspiracy that defendant

Victor Fajardo Vélez and José Omar Cruz Mercado would request from PRDE contractors

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 7

8.    It was further part of the manners and means of this conspiracy that contractors charged in this indictment would submit proposals for specific projects within the PRDE requesting amounts of money close to the maximum allocated by the PRDE for that project.

9.    It was further part of the manners and means of this conspiracy that defendant Victor Fajardo Vélez did instruct co-defendants Ruperto Vázquez López, to incorporate RV Research, and María Ramos Matos, a/k/a "Bibi", to activate National Consulting, in order to use them as fronts to hide federal funds diverted from the Department of Education and extorted from PRDE contractors.

10.    It was further part of the manners and means of this conspiracy that defendants Victor Fajardo Vélez and José Omar Cruz Mercado instructed different PRDE contractors to pay false and fraudulent invoices issued by RV Research and National Consulting which corporations were under the control of defendant Victor Fajardo Vélez.

## OBJECT OF THE CONSPIRACY

It was the purpose and object of this conspiracy that defendants Victor Fajardo Vélez, José Omar Cruz Mercado, and María T. Pérez Huertas a/k/a "Maritere" would and did demand payment of monies from the following PRDE contractors: Jesús Emilio Rivera Class, Eduardo Fuertes Pasarell, José E. Santos Rodríguez, Victor J. Alvarez Ramos, Fidel Alonso Valls, Richard D'Costa Ofrey, Victoria Vargas Esquilín, Norman T. Olson Jr., Marta Santos Sánchez, Roberto O. Bonano Rodríguez, Angel A. Pabón Molina, Sylvia Janet López Vélez, for personal and political purposes, by using co-defendants Ruperto Vázquez López and María Ramos Matos a/k/a "Bibi" as fronts of their sham corporations.

INDICTMENT
<u>United States v. Victor Fajardo Velez, et al.</u>
Page 9

4.      Sometime during late 1994 or early 1995, defendants Victor Fajardo Vélez and José Omar Cruz Mercado, instructed employees of PRDE to relocate a safe from the PRDE's finance department to defendant Victor Fajardo Vélez' office in order to store and stash the cash money extorted from different PRDE contractors.

5.      Between June 1995 and December 2000, defendant Victor Fajardo Vélez awarded approximately six million nine hundred twenty five thousand six hundred sixteen dollars ($6,925,616.00) in PRDE contracts to defendants José E. Santos Rodríguez and Victor J. Alvarez Ramos and their company, CONEP.

6.      Between August 1996 and December 2000, defendant Victor Fajardo Vélez awarded forty four million seven hundred thirty one thousand nine hundred sixty dollars ($44,731,960.00) in PRDE contracts to defendant Jesús Emilio Rivera Class and his company, Quality Education.

7.      Between June 1995 and December 2000, defendant Victor Fajardo Vélez awarded approximately twenty six million two hundred sixty six thousand six hundred seventy five dollars ($26,266,675.00) in PRDE contracts to defendants Norman T. Olson Jr. and Marta Santos Sanchez and their company, National School.

8.      Between August 1996 and December 2000, defendant Victor Fajardo Vélez awarded approximately thirty seven million one hundred sixty eight thousand one hundred thirty six dollars ($37,168,136.00) in PRDE contracts to defendant Eduardo Fuertes Pasarell and his company, Pro-Data.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 11

15.     On or about March 18, 1996, defendant Ruperto Vázquez López incorporated Research and Management Group, Inc. in the state of Florida.

16.     In or about May 1996, defendant Ruperto Vázquez López traveled from Orlando, Florida, to Puerto Rico and met with co-defendants Victor Fajardo Vélez and José Omar Cruz Mercado.  At said meeting defendant Victor Fajardo Vélez informed that all the profit generated by RV would be divided in the following manner: fifty percent (50%) would be for defendant Victor Fajardo Vélez; thirty five percent (35%) would be for defendant José Omar Cruz Mercado; and fifteen percent (15%) would be for defendant Ruperto Vázquez López.

17.     On or about May 9, 1996, defendants José Omar Cruz Mercado and Ruperto Vázquez López filed a request with the Puerto Rico State Department for a certificate of authorization, for Research and Management to do business as a foreign corporation.

18.     In or about December 1996, defendant José Omar Cruz Mercado called co-defendant Ruperto Vázquez López and informed him that Research and Management's authorization to do business as a foreign corporation had been rejected and instructed him to come to Puerto Rico to incorporate Research and Management as a domestic corporation.

19.     On or about late January 1997, defendant Ruperto Vázquez López traveled to Puerto Rico and met with co-defendants Victor Fajardo Vélez and José Omar Cruz Mercado.  At said meeting, defendant Victor Fajardo Vélez instructed co-defendant Ruperto Vázquez López to incorporate Research and Management with the Puerto Rico State Department.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 13

25.    From in or about May 2, 1997, through November 27, 1998, defendant Ruperto
Vázquez López, upon instructions from co-defendants Victor Fajardo Vélez and José Omar Cruz
Mercado, issued five (5) RV false and fraudulent invoices to defendants José E. Santos Rodríguez
and Victor J. Alvarez Ramos through their company, CONEP, totaling two hundred forty four
thousand three hundred fifty dollars ($244,350.00).

26.    On or about May 9, 1997, defendants José E. Santos Rodríguez and Victor J. Alvarez
Ramos, paid twenty five thousand dollars ($25,000.00) of extortion money to defendant Victor
Fajardo Vélez by issuing check number 4849 from their corporation, CONEP, to RV.

27.    On or about May 14, 1997, defendants José E. Santos Rodríguez and Victor J.
Alvarez Ramos, paid twenty five thousand dollars ($25,000.00) of extortion money to defendant
Victor Fajardo Vélez by issuing check number 3712 from their corporation, CONEP, to RV.

28.    On or about June 6, 1997, defendant Victor Fajardo Vélez awarded a contract of nine
hundred ninety eight thousand seven hundred fifty dollars ($998,750.00) to RV in order to divert
federal funds, under the custody and control of the PRDE.

29.    On or about June 13, 1997, defendant José Omar Cruz Mercado delivered to Ruperto
Vázquez López a check from National School made payable to RV in the amount of twenty five
thousand dollars ($25,000.00).

30.    On or about June 26, 1997, defendants José E. Santos Rodríguez and Victor J.
Alvarez Ramos, paid twenty four thousand nine hundred twenty five dollars ($24,925.00) of
extortion money to defendant Victor Fajardo Vélez by issuing check number 5121 from their
corporation, CONEP, to RV.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 15

37.    On or about October 31, 1997, defendant Jesús Emilio Rivera Class paid twenty five thousand dollars ($25,000.00) of extortion money to defendant Victor Fajardo Vélez by using an official check from RG Premier Bank number 08-37577 to RV.

38.    On or about January 28, 1998, defendant Eduardo Fuertes Pasarell, paid seventy four thousand five hundred dollars ($74,500.00) of extortion money to defendant Victor Fajardo Vélez by issuing check number 4924 from his corporation, Pro-Data, to RV.

39.    On or about June 1, 1998, defendant Victor Fajardo Vélez awarded a contract of four hundred ninety nine thousand three hundred seventeen dollars to ($499,317.00) RV in order to divert federal funds, under the custody and control of the PRDE.

40.    On or about June 24, 1998, defendant Eduardo Fuertes Pasarell paid sixty three thousand dollars ($63,000.00) of extortion money to defendant Victor Fajardo Vélez by issuing check number 5473 from his corporation, Pro-Data, to RV.

41.    On or about July 1, 1998, defendant Eduardo Fuertes Pasarell paid sixty three thousand dollars ($63,000.00) of extortion money to defendant Victor Fajardo Vélez by issuing check number 5663 from his corporation, Pro-Data, to RV.

42.    On or about October 5, 1998, defendant José Omar Cruz Mercado instructed co-defendant Ruperto Vázquez López to prepare an inflated invoice to CONEP, in the amount of ninety thousand dollars ($90,000.00).

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 17

49.     Between in or about April and May 1999, defendants, Victor Fajardo Vélez and José

Omar Cruz Mercado, spoke to several PRDE contractors and asked them to make payments to

defendant María Ramos Matos a/k/a "Bibi" and National Consulting.

50.     On or about July 2, 1999, defendants, José E. Santos Rodríguez and Victor J. Alvarez

Ramos, paid nine thousand dollars ($9,000.00) of extortion money to María Ramos Matos a/k/a

"Bibi" and National Consulting.

51.     On or about July 8, 1999, defendant Fidel Alonso Valls paid four thousand dollars

($4,000.00) of extortion money  by issuing check number 33775 to National Consulting Group.

52.     On or about September 13, 1999, defendants José E. Santos Rodríguez and Victor

J. Alvarez Ramos paid nine thousand dollars ($9,000.00) to María Ramos Matos a/k/a "Bibi" and

National Consulting.

53.     On or about October 3, 1999, defendant Ruperto Vázquez López, upon instructions

from co-defendants Victor Fajardo Vélez, José Omar Cruz Mercado and María Ramos Matos a/k/a

"Bibi", issued an RV false and fraudulent invoice in the amount of twenty five thousand dollars

($25,000.00) to co-defendants Fidel Alonso Valls, Richard D'Costa Ofrey, and Victoria Vargas

Esquilín, through World Learning.

54.     On or about October 5, 1999, defendant José Omar Cruz Mercado instructed co-

defendant Ruperto Vázquez López to prepare a false and fraudulent invoice to Eduardo Fuertes

Pasarell, through Pro Data, in the amount of thirty three thousand nine hundred dollars ($33,900.00),

which he paid.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 19

61.    On or about June 7, 2000, defendant Ruperto Vázquez López transferred twenty thousand dollars ($20,000.00) of extortion money to defendant Victor Fajardo Vélez by issuing check 1779 from RV to National Consulting and María Ramos Matos a/k/a "Bibi".

62.    Sometime during the month of June 2000, defendant Jesús Emilio Rivera Class agreed to transfer title of a property he owned in Villa Caparra to co-defendant Victor Fajardo Vélez.

63.    On or about July 14, 2000, defendant Ruperto Vázquez López transferred thirty thousand dollars ($30,000.00) of extortion money to defendant Victor Fajardo Vélez by issuing check 1825 from RV to National Consulting and María Ramos Matos a/k/a "Bibi".

64.    On or about July 31, 2000, defendant Jesús Emilio Rivera Class instructed defendant María Ramos Matos a/k/a "Bibi" to prepare a false and fraudulent invoice in the amount of seven hundred fifty thousand dollars ($750,000.00) from National Consulting to ER Pro International, Inc. (hereinafter ER Pro), a company owned by defendant Jesús Emilio Rivera Class.

65.    Sometime after July 31, 2000, and prior to September 27, 2000, defendant Jesús Emilio Rivera Class instructed defendant María Ramos Matos a/k/a "Bibi" to alter the false and fraudulent invoice in the amount of seven hundred fifty thousand dollars ($750,000.00) and issue it in the name of Creative Growth Corporation, another company owned by defendant Jesús Emilio Rivera Class.

66.    On or about September 22, 2000, defendant José Omar Cruz Mercado, following instructions of co-defendant Victor Fajardo Vélez, demanded a payment of fifty thousand dollars ($50,000.00) from co-defendant Sylvia Janet López Vélez in exchange for awarding a contract to Saja.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 21

thousand dollars ($140,000.00) so most of this money could be delivered to defendant María T.

Pérez Huertas a/k/a "Maritere".

73.     In or about late 2000, defendants Richard D'Costa Ofrey and Victoria Vargas Esquilín

delivered ten thousand dollars ($10,000.00) in cash to co-defendant María Ramos Matos a/k/a "Bibi"

so she would give it to defendant Victor Fajardo Vélez.

74.     On or about March 19, 2001, defendants Angel A. Pabón Molina and Sylvia Janet

López Vélez, paid fifty thousand dollars ($50,000.00) of extortion money to defendant Victor

Fajardo Vélez by issuing check number 0185 to co-defendant Maria Ramos Matos a/k/a "Bibi" and

National Consulting.

75.     Between October 1996 and June 2000, defendants Victor Fajardo Vélez, José Omar

Cruz Mercado and María T. Pérez Huertas a/k/a "Maritere" agreed to demand and demanded from

defendant, Eduardo Fuertes Pasarell, the payment of invoices for expenses incurred by their political

party totaling one hundred sixty six thousand one hundred thirty dollars ($166,130.00).

76.     Between June 1996 and June 2000, defendants Victor Fajardo Vélez, José Omar Cruz

Mercado and María T. Pérez Huertas a/k/a "Maritere" agreed to demand and demanded from

defendants, Norman T. Olson, Jr. and Marta Santos Sanchez, the payments of invoices for expenses

incurred by their political party totaling one hundred forty nine thousand twenty two dollars and

seventy five cents ($149,022.75).

77.     Between September 1996, and September 2000, defendants Victor Fajardo Vélez,

José Omar Cruz Mercado and María T. Perez Huertas a/k/a "Maritere" agreed to demand and

demanded from defendants, José E. Santos Rodríguez and Victor J. Alvarez Ramos, the payments

INDICTMENT
<u>United States v. Victor Fajardo Velez, et al.</u>
Page 23

82.    Between 1995 through and until December 2000, defendants José E. Santos
Rodríguez and Victor J. Alvarez Ramos paid approximately four hundred seventy nine thousand fifty
dollars ($479,050.00) in cash to defendants Victor Fajardo Vélez and José Omar Cruz Mercado for
awarding PRDE contracts to their company, CONEP.

83.    Between 1996 through and until December 2000, defendant Jesús Emilio Rivera
Class paid approximately one million five hundred seventy five thousand dollars ($1,575,000.00)
in cash to defendants Victor Fajardo Vélez and José Omar Cruz Mercado for awarding PRDE
contracts to his company, Quality Education.

84.    Between 1996 through and until December 2000, defendant Eduardo Fuertes Pasarell
paid approximately seventy nine thousand dollars ($79,000.00) in cash to co-defendants Victor
Fajardo Vélez and José Omar Cruz Mercado for awarding PRDE contracts to his company, Pro Data.

85.    Between 1995 through and until December 2000, defendants, Victor Fajardo Vélez,
José Omar Cruz Mercado, and María T. Pérez Huertas a/k/a "Maritere" delivered hundreds of
thousands of dollars in cash of extortion money to their political party.

86.    On or about the month of December 2000, defendant Victor Fajardo Vélez took
hundreds of thousands of dollars in cash that he had extorted from PRDE contractors from his office
at PRDE to a hidden compartment in his home.

All in violation of Title 18, <u>United States Code</u>, Section 1951(a).

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 25

and the movement of articles and commodities in commerce by extortion, in that the defendants,

VICTOR FAJARDO VELEZ, JOSE OMAR CRUZ MERCADO, and MARIA T. PEREZ

HUERTAS a/k/a "Maritere" aided and abetted by co-defendants RUPERTO VAZQUEZ LOPEZ and

MARIA RAMOS MATOS a/k/a "Bibi", unlawfully obtained approximately four million three

hundred twenty four thousand six hundred thirty nine dollars ($4,324,639.00) from JESUS E.

RIVERA CLASS, EDUARDO FUERTES PASARELL, JOSE E. SANTOS RODRIGUEZ, VICTOR

J. ALVAREZ RAMOS, FIDEL ALONSO VALLS, RICHARD D'COSTA OFREY, VICTORIA

VARGAS ESQUILIN, NORMAN T. OLSON JR., MARTA J. SANTOS SANCHEZ, ROBERTO

O. BONANO RODRIGUEZ, ANGEL A. PABON MOLINA and SYLVIA JANET LOPEZ VELEZ,

with their consent wrongfully induced by fear of economic harm and under color of official right,

in violation of Title 18, United States Code, Section 1951 and Section 2.

## COUNT THREE

### THEFT CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS
### 18, United States Code, 666

On or about June 1, 1997, in San Juan, Puerto Rico, District of Puerto Rico, and within the

jurisdiction of this Court, defendants Victor Fajardo Vélez and José Omar Cruz Mercado being

agents of the Government of the Commonwealth of Puerto Rico, that is the Secretary of the

Department of Education of Puerto Rico, and the Associate Secretary of the Department of

Education of Puerto Rico, respectively, aided and abetted by defendant Ruperto Vázquez López, did

knowingly and intentionally embezzle, steal, and/or obtain by fraud or otherwise without authority

convert to the use of another person other than its rightful owner, property valued at five thousand

dollars ($5,000.00) or more, which was owned by or under the care, custody or control of the

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 27

substantially over priced and that the profit of the contract awarded was for the benefit of co-

defendants Victor Fajardo Vélez, José Omar Cruz Mercado and Ruperto Vázquez López.

All in violation of Title 18, United States Code, Section 666(a)(1)(A)(i)(ii) and 2.

## COUNT FIVE

### THEFT CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS
### 18, United States Code, 666

On or about May 2000, in San Juan, Puerto Rico, District of Puerto Rico and within the

jurisdiction of this Court, defendants Victor Fajardo Vélez and José Omar Cruz Mercado, being

agents of the Government of the Commonwealth of Puerto Rico, that is the Secretary of the

Department of Education of Puerto Rico, and the Associate Secretary of the Department of

Education of Puerto Rico respectively, aided and abetted by defendants Ruperto Vázquez López, and

María Ramos Matos a/k/a "Bibi" did knowingly and intentionally embezzle, steal, and/or obtain by

fraud or otherwise without authority convert to the use of another person other than its rightful

owner, property valued at five thousand dollars ($5,000.00) or more which was owned by or under

the care, custody or control of the Government of Puerto Rico, to wit: in that defendants Victor

Fajardo Vélez and José Omar Cruz Mercado instructed co-defendants Ruperto Vázquez López and

María Ramos Matos a/k/a "Bibi" to submit a proposal for the creation of computer training centers

known as "Multi-Centers" in the amount of two million nine hundred ninety nine thousand eight

hundred ten dollars ($2,999,810.00) knowing that the proposal was substantially over priced and that

the profit of the contract awarded was for the benefit of co-defendants Victor Fajardo Vélez, José

Omar Cruz Mercado and Ruperto Vázquez López.

All in violation of Title 18, United States Code, Section 666(a)(1)(A)(i)(ii) and 2.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 29

agents of the Government of the Commonwealth of Puerto Rico, that is the Secretary of the

Department of Education of Puerto Rico, and Associate Secretary of the Department of Education

of Puerto Rico, respectively, aided and abetted by defendants Angel A. Pabón Molina and Sylvia

Janet López Vélez, did knowingly and intentionally embezzle, steal, and/or obtain by fraud or

otherwise without authority convert to the use of another person other than its rightful owner,

property valued at five thousand dollars ($5,000.00) or more which was owned by or under the care,

custody or control of the Government of Puerto Rico, to wit: in that defendants Victor Fajardo Vélez

and José Omar Cruz Mercado instructed co-defendants Angel A. Pabón Molina and Sylvia Janet

López Vélez to increase the amount of money requested in their proposal called "Taller de Arte y

Literatura" from three hundred thousand dollars ($300,000.00) to three hundred fifty thousand

dollars ($350,000.00) so they could pay fifty thousand dollars ($50,000.00) to defendant Victor

Fajardo Vélez.

All in violation of Title 18, United States Code, Section 666(a)(1)(A)(i)(ii) and 2.

## COUNT EIGHT

### CONSPIRACY TO COMMIT MONEY LAUNDERING
### 18, United States Code, Sections 1956(h)

1.     Paragraphs one  through sixteen of the Introduction, and paragraphs one through

eighty six  of the overt acts of Count, are realleged and incorporated by herein by reference, as

though fully set forth herein.

2.     From on or about late 1994 and continuing through April 2001, in the District of

Puerto Rico and within the jurisdiction of this Court, the defendants herein, VICTOR FAJARDO

VELEZ, JOSE OMAR CRUZ MERCADO, RUPERTO VAZQUEZ LOPEZ, MARIA RAMOS

INDICTMENT
<u>United States v. Victor Fajardo Velez, et al.</u>
Page 31

3.      It was a part of the manner and means of the unlawful conspiracy that defendants Victor Fajardo Vélez, José Omar Cruz Mercado, Ruperto Vázquez López, María Ramos Matos a/k/a "Bibi" and María T. Pérez Huertas a/k/a "Maritere" would use corporations which businesses affected interstate commerce as a front to pay and receive which were the proceeds of their extortion activities.

4.      It was further part of the manners and means of the unlawful conspiracy that defendants would use monetary instruments such as corporate checks and/or official manager's checks to pay the extortion money to defendants Victor Fajardo Vélez, José Omar Cruz Mercado, and María T. Pérez Huertas a/k/a "Maritere".

5.      It was further part of the manners and means of the unlawful conspiracy that in order to conceal and disguise the payments of these unlawful activities, these payments were made through various means, including but not limited to: payments to third parties business entities and delivery of cash to defendants Victor Fajardo Vélez, José Omar Cruz Mercado, and María T. Pérez Huertas a/k/a "Maritere" for their personal benefit and that of their political party.

6.      It was further part of the manner and means of the unlawful conspiracy that defendants Victor Fajardo Vélez, José Omar Cruz Mercado, Ruperto Vázquez López and María Ramos Matos a/k/a/ "Bibi", would open bank accounts in financial institutions in Puerto Rico to deposit extorted payments from co-defendants.

## <u>OVERT ACTS</u>

1.      Paragraph one through sixteen of the Introduction of this Indictment, set forth about, are realleged and incorporated by reference, as though as fully set forth herein.

INDICTMENT
United States v. Victor Fajardo Velez, et al.
Page 33

involved in said transactions in violation of Title 18, United States Code, Section 1956, and all

properties traceable to such properties, including the following: (1) all money or the property that

was the subject of each transaction; (2) all commissions, fees, and other properties constituting

proceeds obtained as a result of those violations; and (3) all properties used in any manner or part

to commit or facilitate the commission of those violations, as to which properties the said defendants

are jointly and separately liable.  The United States intends to forfeit property of the defendant,

including, but not limited to the following:

A.    For each defendant, the sum of money equal to the sum involved in the

violation set forth in Count Eight of this Indictment.

B.    For each defendant, all property involved in the violation set forth in Count

Eight of this Indictment and all property traceable thereto.

C.    For each defendant, all other property of the defendant, up to the value of any

property described in subparagraph A and B above, if by any act or omission of the defendant said

property, or any portion thereof, cannot be located upon the exercise of due diligence; has been

transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the

court; has been substantially diminished in value; or has been commingled with other property which

cannot be divided without difficulty, in which case such other property shall be substituted and

forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b).  All in violation Title 18, United States

Code, Section 982(a)(1).

**INDICTMENT**
<u>United States v. Victor Fajardo Velez, et al.</u>
Page 35

which case such property shall be substituted and forfeited to the United States pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code,

Section 2461 and Title 18, United States Code, Section 1951.

TRUE BILL

FOREPERSON
DATED:  1/22/02

GUILLERMO GIL
United States Attorney

Jorge E. Vega-Pacheco
Assistant U.S. Attorney
Chief, Criminal Division

Rebecca Kellogg de Jesús
Assistant U.S. Attorney
DATED: