## UNITED STATES OF AMERICA
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

**CRIMINAL NO. 02-042(HL)**

VICTOR FAJARDO VELEZ, et. als.,
Defendants.

## UNITED STATES' COMPLIANCE WITH COURT ORDER OF DOCKET NUM. 672 RESPONSE TO HOUSE OF REPRESENTATIVE'S MOTION REQUESTING THAT CERTAIN DOCUMENTS BE PRODUCED

**COMES NOW,** the United States of America by and through its undersigned attorneys, and hereby respectfully submits as follows:

The United States hereby submits its response to the Puerto Rico House of Representative's motion requesting the production of grand jury material. The United States objects to said production because, 1)as the material requested is grand jury material and therefore protected from further production; 2) the production of said material would violate certain privacy rights.

### BACKGROUND

On November 20, 2002, (docket no. 548), this Court authorized the United States Attorney's Office to release to the Puerto Rico Department of Justice the documents and evidence that were submitted to the grand jury in the investigation that led to the indictment in the above captioned matter.[1]

On January 8, 2003, (docket no. 605), this Honorable Court, after hearing from both the U.S. Attorney's Office and the Secretary of Justice of Puerto Rico as well as conducting its own

---

[1]This order was granted upon a request for the Puerto Rico Secretary of Justice and the concurrence of the U.S. Attorney's Office that said documentation was needed in order to investigate and prosecute violations of the Puerto Rico Penal Code.

674

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 2

independent analysis, issued an order authorizing the U.S. Attorney's Office to disclose the Grand

Jury transcripts of the above reference matter to the Puerto Rico Special Independent Prosecutor as

the local government official in charge of the prosecution of any relevant cases.[2]  In its order the

Court stated as follows: " These materials are disclosed for the exclusive purpose of assisting him

in the performance of his duties to enforce the criminal laws of Puerto Rico, in accordance with Rule

6(e)(3)(C)(i)(IV) of the Federal Rules of Criminal Procedure. The Court hereby informs the Special

Independent Prosecutor that the use of all grand jury materials shall be limited exclusively to

criminal proceedings.  Their future disclosure is prohibited." See docket 605.

In May 24, 2004, the Puerto Rico House of Representatives approved Resolution 9107. In

said Resolution the Puerto Rico House of Representatives instructed the Committees on Education

and Culture and the Committee on Public Integrity and on Ways and Means of the House of

Representatives to conduct a thorough investigation of the use of public funds received by

independent contractors or other individuals who rendered services to the Puerto Rico Department

of Education. The Resolution included "the investigation of extortion and bribery schemes instituted

under the tenure of ex-Secretary Víctor Fajardo in the Department of Education..."[3]  Based on said

resolution the pertinent committees of the Puerto Rico House of Representatives began public

hearings and are currently conducting an investigation into the above referenced matter.

On July 13, 2004, the House of Representatives subpoenaed then Puerto Rico Secretary of

Justice Anabelle Rodríguez to appear before the above stated investigative body on July 15, 2004.

Former Secretary Rodriguez was informed that on the date of her appearance she was to turn over

---

[2] The order was latter amended upon petition of the U.S. Attorney's Office to include disclosure to the Puerto Rico Department of Justice for investigative purposes.

[3] See Exhibit 1 of docket 672.

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 3

certain documents. The subpoena provided a list of twenty three (23) itemized checks which the subpoena indicated were provided to the Puerto Rico Department of Justice by the Federal Authorities. With regard to the twenty three checks, the subpoena further indicated, that the local prosecutors determined that the transactions relating to said checks could not be prosecuted because the statute of limitations had expired.[4]

On September 14, 2004, Puerto Rico 's Secretary of Justice William Vazquez Irizarry, issued a letter to Honorable Carlos Vizcarrondo, President of the Puerto Rico House of Representatives, informing him that the Puerto Rico Department of Justice could not release the twenty three requested checks because said documents were part of a grand jury file and to divulge them to the Commission investigating the matter would be a violation of this Court's order.[5]

On October 6, 2004, the United States Attorney's Office received a motion entitled "Motion Requesting That Certain Documents Be Produced." This motion was filed on behalf of the President of the Commission of Education and Culture of Puerto Rico House of Representatives(hereinafter the Commission) which is currently investigating the matter. In said motion the Commission requested that this Court allow the production of the twenty three checks it had previously tried to obtain by way of subpoena from the Puerto Rico Department of Justice.

On October 6, 2004, this Honorable Court issued an order instructing the Federal Government to respond to said motion no later than October 17, 2004 (docket no. 672).

### POSITION OF THE PUERTO RICO HOUSE OF REPRESENTATIVES

In its motion, the Puerto Rico House of Representative, in particular the Commission, alleges

---

[4]See Exhibit 1 to this Motion which is a copy of the referenced subpoena.

[5]See Exhibit 2 to this Motion which is a copy of the referenced letter.

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 4

that the items it seeks to obtain should not be considered grand jury material and are therefore not

afforded the protection of Federal Rule of Criminal Procedure 6(e).

To sustain this position, the Commission informed this Court that it is seeking certain checks,

that it has submitted a list of said checks it wishes to obtain, and that the production of said checks

does not reveal what transpired before the grand jury, nor provide information that would

compromise the investigation.[6] In the alternative the Commission alleges that the present case has

concluded and therefore the documents may be produced.

### POSITION OF THE UNITED STATES ATTORNEY'S OFFICE

The release or production of the twenty three requested checks would violate Federal Rule

of Criminal Procedure 6(e). The release of the checks into the public domain would serve no further

purpose than to release to the public the names of people, entities or businesses that, at the very least,

appeared before the grand jury during the course of its investigation.

Furthermore, in order for the United States Attorney's Office to consider the possibility of

requesting the court to disclose this grand jury material, it must first seek and obtain the approval

of the United States Department of Justice.

### ARGUMENT

The Courts have been clear in stating that there should not be a reading of Federal Rule of

Criminal Procedure 6(e) as to draw a "veil of secrecy over all matters occurring in the world that

happen to be investigated by a grand jury." SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1382

(D.C. Cir 1980), cert. denied, 449 U.S. 993 (1980). It is a well settled rule that the mere fact that a

matter occurred before the grand jury does not automatically make it secret and not available for

---

[6]A review of the list of checks requested reveals that the Commission possesses sufficient
information so that it can subpoena the checks form other entities such as the issuers themselves.

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 5

disclosure. There is no per se rule against disclosure of any and all information which has reached

the grand jury chambers; the touchstone is whether disclosure would "tend to reveal some secret

aspect of the grand jury's investigation; such matters as the identities of witnesses or jurors, the

substance of testimony, the strategy or direction of the investigation, the deliberations or questions

of jurors, and the like. Senate of the Commonwealth of Puerto Rico on Behalf of Judiciary

Committee v. United States Department of Justice, et. al., 823 F.2d 574, 582 (U.S. App.D.C. 1987),

Fund for Constitutional Government v. National Archives and Record Service, 656 F.2d 856, 870

(D.C. Cir.1981).

The United States has not tried to invoke or argue that just because a matter occurred before

the grand jury it should remain secret. It was the United States who originally requested permission

from this Court so that it could provide the necessary grand jury material to the local prosecutors in

order that local investigations and prosecutions related to this case could go forward. This fact does

not mean, however, that any entity wishing to look into the matter has a right to obtain materials that

are governed by Federal Rules of Criminal Procedure 6(e).

The Second Circuit has stated that "the fact that a grand jury has subpoenaed documents

concerning a particular matter does not insulate that matter from investigation in another forum

United States v. Interstate Dress Carriers, Inc., 280 F.2d 52, 54 (2d Cir. 1960). In the case at hand

by the Commission's own admission this matter has been investigated by local authorities. As a

result, some charges were filed and other matters were determined to be tolled by statute of

limitations of local applicable laws. This fact alone begs the question of what the intent behind the

Commission's request for these documents is. What can the Commission do, aside from rendering

a report on the matter, sending its findings to the Puerto Rico Department of Justice for evaluation

and prosecution and of course having public hearing in which the documents solicited would be

<u>United States</u> vs. <u>Victor Fajardo, et.al.</u>
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 6

made?  The Commission wishes to have the same checks that have already been analyzed and

reviewed by the Puerto Rico Department of Justice prosecutors, prosecution determinations made

on such cases filed which are currently pending before the local courts.

Pursuant to Federal Rule 6(e)(3)(E)(iii) the court may authorize disclosure of a grand jury

matter or material related to a grand jury matter at the request of the government if the government

shows that the matter may disclose a violation of local law and the disclosure is made to the

appropriate state official and the disclosure is for the purpose of enforcing that state law.  This is

precisely what has already been done in this case.  This Honorable Court upon a request from the

United States Attorney's Office disclosed the checks to local prosecutors so they could enforce

violations of local law.  The Commission is not a prosecuting authority nor does it have law

enforcement powers.

**BURDEN ON THE GOVERNMENT**:

The Courts have been clear that the burden of establishing the need for non disclosure of the

documents sought lies on the government.  It is incumbent on the Court to require some affirmative

demonstration of a nexus between disclosure and revelation of protected aspects of the grand jury

investigation. <u>Dresser</u> at 114.  The First Circuit Court in the case of <u>Church of Scientology</u>

<u>International</u> v. <u>United States Department of Justice</u>, 30 F.3d 224 (1st.Cir 1994) explained that "the

scope of secrecy afforded to grand jury materials is necessarily broad.  It encompasses not only the

direct revelation of grand jury transcripts but also the disclosure of information which would reveal

the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the

investigation, the deliberations or questions of the jurors, and the like." (Quoting <u>SEC</u> v. <u>Dresser</u>

<u>Indus. Inc</u>. 628 F2d 1368, 1382 (D.C.Cir. 1980).   That Court went on in its analysis and established

that documents identified as grand jury exhibits and whose contents are testimonial in nature or

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 7

otherwise directly associated with the grand jury process, such as affidavits and depositions

transcripts, ordinarily may be withheld simply on the basis of their status as exhibits.  Church of

Scientology at 234.  The documents requested by the Commission in this case do not fall in this

category.

     The First Circuit then addressed the status of documents such as those being requested by the

Commission here, and stated "We distinguish such materials from business records or similar

documents created for purposes independent of grand jury investigations, which have legitimate use

unrelated to the substance of the grand jury proceedings.  Although these documents too, may be

subject to non disclosure if they are grand jury exhibits, the government needs to provide some basis

for a claim that releasing them will implicate the secrecy concerns protected by Rule 6(e)."  Church

of Scientology at 235, quoting in part United States v. Dynavac, Inc. 6 F3d 1407 (9th Cir. 1993).  In

the request before this Court the Commission is requesting copies of twenty three checks that were

used during a grand jury investigation and were marked as exhibits of the grand jury.  These

documents were available to be used by the members of the grand jury during their deliberation and

consideration of the evidence submitted by the United States to support the proposed indictment at

that time.  It is clear that the twenty three checks are documents that were produced by the original

issuer of the check for other business purposes unrelated to the grand jury investigation.  In fact they

were all produced prior to their being a grand jury investigation.  However, they all have enough

identifying information that dictates their continuing protection.

     Notwithstanding that the twenty three check have a legitimate use unrelated to the grand jury

proceeding, they should remain protected and not be disclosed to the general public - - the ultimate

effect of producing them to the Commission.

     These documents bear the names and identities of persons and/or businesses that either

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 8

appeared as witnesses before the grand jury or were considered at some point during the investigation as possible targets. These names of people and/or businesses still remain protected and should.. In addition, the release of these documents to the Commission would provide the Commission with part of the evidence used by the members of the grand jury in their deliberation. It would provide an insight into the investigation itself, what course the investigation took and what evidence it considered. These are all materials and information which the Courts have consistently ruled as being protected by Federal Rule of Criminal Procedure 6(e).

## THIS ISSUE HAS BEEN DECIDED BY THIS COURT:

When this Honorable Court issued its order allowing the disclosure of these and other documents relating to the grand jury investigation, it gave strict instructions as to who was to receive the documents and, in no uncertain terms, instructed the recipient of the documents of their obligation had to abide by the secrecy rule as established in Federal Rules of Criminal Procedure 6(e). In doing so this Court has already analyzed the nature of these documents, its contents and determined that they do in fact carry the protection of Rule 6(e).

## DISCLOSURE WOULD CONSTITUTE UN WARRANTED INVASION OF PRIVACY:

Furthermore, the disclosure of these documents would be an unwarranted invasion of personal privacy. The disclosure of these documents would reveal particular names of persons involved in some way in the grand jury investigation; persons who were looked at during the investigation and determined to be either witnesses, targets, persons of interest or other. These persons have not necessarily being formally charged by either the federal authorities or the local prosecutors and to date their names remain unknown. These individual and/or entities have a right to remain anonymous.

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 9

## PRIVACY INTEREST vs. PUBLIC INTEREST IN DISCLOSURE:

When evaluating this request, this Court must balance the privacy interest at stake against the public interest in disclosure, Church of Scientology, see also Lesar v. Department of Justice, 636 F.2d 472 (D.C. Cir. 1980; Department of the Air Force v. Rose, 425 U.S. 352 (1976). The information being sought in this case would reveal individual names and identities of people involved in the investigation, be it as witnesses, targets or other. Evaluating a similar request as this, the First Circuit Court has stated "The privacy interests at stake here are indeed substantial. There is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm. Other persons involved in the investigation–witnesses, informants, and the investigating agents–also have a substantial interest in seeing that their participation remains secret. Those cooperating with law enforcement should not now pay the price of full disclosure of personal detail." Church of Scientology at 588.[7] Production here would violate that privacy interest.

The Commission has established that it is conducting an investigation into the matter that no doubt will have public hearing. This hearing, the Commission will, as it has done, subpoena witnesses to come before it and testify. It is clear that the intent of the Commission in requesting these twenty three checks is to identify the individuals or entities who issued the checks and subpoena them to testify. The United States should not be a party to the public disclosure of this information. To do so would not only violate Rule 6(e), but would go against the very principal of secrecy and protection given to those matters which occur before the grand jury; principles which

---

[7]See also: Fund for Constitutional Government v. National Archives & Records Service, 656 F.2d 863 (D.C.Cir. 1981); Baez v. Department of Justice, 647 F.2d 1328 (D.C.Cir.1980);Lesar v. Department of Justice, 636 F.2d 472 (D.C. Cir. 1980); Bast v. Department of Justice, 665 F.2d 1251(D.C.Cir.1981).

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 10

witnesses and other appearing parties before the grand jury trust will shield them from public repercussions.

These documents have already been evaluated by two prosecuting branches of government. Both the Federal and Local prosecutors who investigated the matter have looked at these checks and all charging decisions have already been made. The only benefit which may be derived from disclosing these checks now would be to provide the names and identities of individuals who appeared before the grand jury in some form - - identities which are not publicly known. Such is not the purpose of the grand jury and the United States requests that this Honorable Court not condone such conduct by allowing the disclosure.

Alternatively, if this Court is still inclined to grant the Commission's request the United States submits that the request was made in an improper manner. All legislative request for documents must be made to the Executive Office of the Department of Justice and prior approval must be given before the disclosure is made. This procedure was not followed by the Commission.

## CONCLUSION

WHEREFORE, having established that the documents in question do in fact constitute grand jury material and therefore Rule 6(e) applies to them, and having established that there is no legitimate purpose for disclosure that would outweigh the need for them to remain private, the United States hereby request that this Honorable Court deny the request for disclosure made by the Commission.

United States vs. Victor Fajardo, et.al.
U.S. Compliance with Court Order
Criminal No. 02-042(HL)
Page No. 11

Respectfully submitted.

In San Juan, Puerto Rico this 17th day of October, 2004.

H. S. GARCIA
UNITED STATES ATTORNEY

S/Rebecca Kellogg de Jesús
Rebecca Kellogg USDC 209409
Assistant U.S. Attorney
Suite 1201, Torre Chardon
350 Chardon Avenue
Hato Rey, Puerto Rico 00918
Telephone: (787) 766-5656
Rebecca.Kellogg@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this same date I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filling to Jesus R. Rabell Mendez counsel for the Commission; this motion has also been sent by regular mail to counsel Rabell Mendez to his address of record..

At San Juan, Puerto Rico, this 17th day of October, 2004.

S/Rebecca Kellogg de Jesús
Rebecca Kellogg USDC 209409
Assistant U.S. Attorney
Suite 1201, Torre Chardon
350 Chardon Avenue
Hato Rey, Puerto Rico 00918
Telephone: (787) 766-5656
Rebecca.Kellogg@usdoj.gov