

*Estado Libre Asociado de Puerto Rico*
*Cámara de Representantes*



*Hon. Javier García Cabán*
Representante Distrito Núm. 11
Toa Alta - Dorado - Vega Alta

Presidente
Comisión Educación y Cultura

13 de julio de 2004

**VÍA MENSAJERO**

Hon. Anabelle Rodríguez
Secretaria
**Departamento de Justicia**
P.O. Box 9020-192
San Juan, Puerto Rico 00902-0192

## SUBPOENA

### AVISO DE CITACIÓN Y PRODUCCIÓN DE DOCUMENTOS

En virtud de la disposición del **Artículo III, Sección 17 de la Constitución del Estado Libre Asociado de Puerto Rico.** Que confiere el poder de investigación de la Asamblea Legislativa y a tenor con la Resolución de la Cámara 9107, aprobada el 27 de mayo de 2004 la cual dispone:

"Para ordenar a las comisiones de Educación y Cultura, Sobre Integridad Pública y de Hacienda de la Cámara de Representantes del Estado Libre Asociado de Puerto Rico realizar una investigación exhaustiva sobre la utilización de fondos públicos recibidos por contratistas independientes, entidades que requieren acreditación del Consejo de Educación General, personas, organizaciones, asociaciones y corporaciones con o sin fines de lucro y los servicios dados por éstos al Departamento de Educación del Estado Libre Asociado de Puerto Rico, incluyendo los aspectos contributivos de dichas transferencias de fondos, con el fin de identificar las enmiendas al marco legal vigente para la óptima utilización de dichos recursos. Esta Resolución incluye la investigación de los esquemas de extorsión y soborno

implementados bajo la incumbencia del ex-secretario Víctor Fajardo en el Departamento de Educación, para su beneficio personal y el de terceras personas jurídicas y naturales, así como la disposición final de fondos públicos en personas o entidades con intereses político-partidistas."

Conforme a los amplios e indiscutibles poderes que ostenta la presente Comisión en su encomienda, según consignados en la Opinión del Secretario de Justicia, Núm. 29 de 1987, Pág. 185 citando a Silva vs. Hernández Agosto, 118 DPR 45 (1986), Peña Clos vs. Cartagena Ortiz, 114 DPR 576, 590 (1983). Véase además, 2 LPRA Sec. 151.

El tribunal Supremo de Puerto Rico estableció los requisitos para expedir y diligenciar una orden de registro bancario en los casos de HMCA vs. Colón Carlo 133 D.P.R. 424 (1996); RDT Construction Vs. Colón Carlo II, 141 D.P.R. 861 (1996). Estos requisitos son: autoridad legal para la investigación pertinencia y relación razonable con el objeto de la investigación. La investigación de la Comisión de Educación de la Cámara de Representantes cumple satisfactoriamente con todos los requisitos antes expresados.

Se le notifica a la Hon. Anabelle Rodríguez, Secretaria del Departamento de Justicia:

Que deberá comparecer personalmente o a través de un representante autorizado, el día 15 de julio de 2004 a las 2:00pm., en las Oficinas de la Comisión de Educación y Cultura de la Cámara de Representantes bajo la presidencia del Hon. José Javier García Cabán, ubicadas en el sótano del Edificio Histórico del Capitolio. Tel. (787) 724-4464, 724-5960.

Se le notifica también que deberá entregar ese día los siguientes documentos:

Copia fiel y exacta de la faz y el dorso de los siguientes cheques:

1. Cheque del 27/09/96, girado por la Corporación CONEP a Falcón T-Shirt, por la cantidad de $9,150.00.
2. Cheque del 27/09/96, girado por la Corporación CONEP a Tony White Inc., por la cantidad de $6,518.60.
3. Cheque del 28/10/96, girado por la Compañía ER PRO Internacional Inc. a Falcón T-Shirt, por la cantidad de $27,500.00.

4. cheque del 31/10/96, girado por **Irma Sánchez** de la firma **Falcón Sánchez y Asociados**, a **CARMAR PRINTING** por la cantidad de $2,160.00.

5. cheque del 06/04/96, girado por la **Compañía PRO-LAB Inc.** a **Guastella-Films Producers**, por la cantidad de $50,000.00.

6. cheque del 04/11/96, girado por **PRO-DATA Services** a **World of Ariz Advertising Inc.**, por la cantidad de $24,980.00.

7. cheque del 11/13/96, girado por **PRO-DATA Services** a **Joe Franco y Asociados**, por la cantidad de $10,000.00.

8. cheque del 10/31/96, girado por **PRO-LAB Inc.** a **Tony White Inc.**, por la cantidad de $3,850.00.

9. cheque del 10/25/96, girado por **Ignacio Febos Ortíz** a **Tony White Inc.**, por la cantidad de $38,500.00.

10. cheque del 08/30/96, girado por **Ariz Advertising Inc.**, a **Pro Educa Inc.** por la cantidad de $26,105.00.

11. cheque del 07/29/96, girado por **Ariz Advertising Inc.**, a **Pro Educa Inc.** por la cantidad de $23,895.00.

12. cheque del 11/13/96, girado por **Pro Data Services** a **Víctor Román Nieves** por la cantidad de $9,000.00.

13. cheque del 08/27/96, girado por **National College**, a **Horacio Gavilán** por la cantidad de $1,500.00.

14. cheque del 11/26/96, girado por **José Muratti** a **Horacio Gavilán** por la cantidad de $2,970.00.

15. cheque del 11/26/96, girado por **José Muratti** a **Horacio Gavilán** por la cantidad de $3,250.00.

16. cheque del 29/05/96, girado por **Compañía Figueroa y Figueroa** a **Tony White Inc.** por la cantidad de $5,205.00.

17. cheque del 09/06/96, girado por la **Compañía OJV Fabricators** a **Polo Corporation** por la cantidad de $1,000.00.

18. cheque del 06/11/96, girado por **Ingeniero Wilfredo Toledo** a **Tony White Inc.** por la cantidad de $1,000.00.
19. cheque del 02/08/96, girado por **Caguape Construction** a **Comité de Amigos Néstor Aponte** por la cantidad de $2,000.00.
20. cheque del 02/08/96, girado por **First General Contractors** a **Comité de Amigos Néstor Aponte** por la cantidad de $2,000.00.
21. cheque del 03/01/97, girado por **Envairomental Asociation** a **Carmar Printing** por la cantidad de $1,000.00.
22. cheque del 11/20/97, girado por **Camaramundi** a **Casa del Maestro** por la cantidad de $1,000.00.
23. cheque del 11/14/97, girado por **Ediciones Santillana** a **Casa del Maestro** por la cantidad de $1,500.00.

Estos cheques fueron entregados por las autoridades Federales al Departamento de Justicia los mismos **no son parte del sumario fiscal** ya que los fiscales del Departamento de Justicia determinaron que estas transacciones están prescritas. Sin embargo son esenciales para la investigación que ordenó la Cámara de Representantes en sus Resoluciones 4080 y 9107.

Expedido Por:

*[signature]*
José Javier García Cabán
Presidente

Notificando con copia de esta citación a _____
Hoy, ___ de _____ de 2004, a las _____, en _____
Puerto Rico.

_____
Firma

Citación diligenciada por _____

Hoy, ___ de _____ de 2004, a las _____, en _____, Puerto Rico.

_____
Firma